UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 19-Cr-568 (SHS) |
| HUGHO WITTER | ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

The Court has received defendant Hugho Witter's letter motion and three supplemental letters requesting release from custody pending his May 13 sentencing date. (*See* ECF Nos. 35, 36, 37.) The government opposes the request. (*See* ECF No. 38.) Given the existence of the COVID-19 pandemic, a hearing was held today by telephone with the defendant having waived his appearance. For the reasons that follow, defendant's motion is granted.

On July 9, 2019, Witter was charged with one count of narcotics conspiracy in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 for his role in attempting to broker the sale of five kilograms of cocaine. (*See* Complaint ¶¶ 1–3, ECF No. 1.) Magistrate Judge Henry B. Pitman granted bail, requiring that Witter post a $150,000 personal recognizance bond and submit to GPS monitoring as directed by Pretrial Services, among other conditions. (*See* ECF No. 7.) On September 24, 2019, this Court modified the conditions by removing the requirement of GPS monitoring. (*See* ECF No. 20.)

Witter pled guilty to the narcotics conspiracy count on February 6, 2020. In cases like this, which involve a crime under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed, detention is mandatory under 18 U.S.C. § 3143(a)(2) unless the Court finds (1) a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed, *and* (2) by "clear and convincing evidence" that the defendant is not likely to flee or pose a danger to any person or the community. 18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2). Pursuant to this provision, Witter was remanded without objection following his plea allocution. (*See* ECF No. 30.)

Witter now appeals from this detention order, relying on 18 U.S.C. § 3145(c). The provision provides, in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The U.S. Court of Appeals for the Second Circuit has described "exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). Determining whether a given circumstance presents exceptional reasons under § 3145 requires a case-by-case evaluation by the district judge, and the district judge's discretion is "constrained only by the language of the statute: 'exceptional reasons.'" *Id.*

Witter argues that in light of the COVID-19 pandemic and the fact that he has preexisting conditions that heighten his risk of complications from the virus, exceptional circumstances warrant his release pending sentencing. (*See* ECF No. 35 at 7–8.) Witter is a fifty-seven-year-old male who suffers from hypertension, for which he takes medication, including Lisinopril, labetalol, and amlodipine besylate. (*Id.*)

The Court finds that defendant has established exceptional reasons warranting his release pending sentencing. COVID-19 presents an unprecedented public health crisis. Now that the virus has infiltrated the Metropolitan Correctional Center, *see BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus (last updated Mar. 25, 2020) (confirming that one MCC inmate tested positive as of March 24, 2020), both Witter's age and medical condition elevate his risk of complications from the virus. Specifically, the fact that defendant takes Lisinopril, an ACE inhibitor, to treat his hypertension likely places him "at higher risk for severe COVID-19 infection." Lei Fang et al., *Are Patients with Hypertension and Diabetes Mellitus at Increased Risk for COVID-19 Infection?*, Lancet (Mar. 11, 2020), at 1, https://www.thelancet.com/action/showPdf?pii=S2213-2600%2820%2930116-8.

Accordingly, defendant's risk of serious infection while in custody as a result of his medical condition "present[s] a unique combination of circumstances giving rise to [a] situation[] that [is] out of the ordinary." *DiSomma*, 951 F.2d at 497; *see also United States v. Perez*, No. 19 CR. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting defendant's bail application in light of "the unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should he contract COVID-19").

In addition to determining that exceptional reasons exist, the Court must also find that defendant "meets the conditions of release set forth in section 3143(a)(1)." 18 U.S.C. § 3145(c). Section 3143(a)(1), which provides for release or detention pending sentencing, requires that the Court find "clear and convincing evidence that the person

is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3145(a)(1).

Here, the Court concludes that there is clear and convincing evidence that Witter is neither likely to flee nor poses a danger to the safety of others in the community. Defendant's conviction does not involve violent conduct, and the government has presented no evidence to suggest that he is likely to flee, apart from perhaps the potential for a substantial sentence resulting from this conviction. However, even in that regard, the government concedes that Witter is entitled to the safety valve. (*See* Feb. 6, 2020 Tr. at 38–39, ECF No. 31; 18 U.S.C. § 3553(f).) Moreover, Witter appears to be close with his adult children who are located in the area. (*See* ECF No. 39, at 6, 8, 14.) He has apparently abided by all conditions of release and has posed no known issues for Pretrial Services from July 2019 through his remand in February 2020. *Cf. United States v. Martin*, No. 19 Cr. 140, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (denying the defendant's application for bail in light of COVID-19, relying in part on the fact that defendant had "extensive" criminal history and violated conditions of release in the past).

IT IS HEREBY ORDERED that defendant be released pending his May 13 sentencing date with all of the conditions set forth by Magistrate Judge Pitman on July 9, 2019 (*see* ECF No. 7), as modified by this Court on September 24, 2019 (*see* ECF No. 20), and as modified during today's hearing to add location monitoring. The type of location monitoring is to be at the discretion of the U.S. Probation Office for the District of New Jersey. In addition, defendant shall reside with his son Mario Witter and his family in East Orange, New Jersey.

Dated: New York, New York
      March 26, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.